Kyle O. Stephens, NV Bar No. 7928
LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Telephone: (702) 382-1170
Facsimile: (702) 382-1169
kstephens@lslawnv.com

and

James D. Crosby (CA State Bar No. 110383)
Pro Hac Vice Admission
13400 Sabre Springs Parkway, Suite 200
San Diego, California 92128
Telephone: (858) 486-0085
Facsimile: (858) 486-2838
crosby@crosbyattorney.com

Attorneys for Plaintiff United National Funding, LLC, a Nevada limited liability company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA - LAS VEGAS

| | |
|---|---|
| UNITED NATIONAL FUNDING, LLC, a Nevada limited liability company, <br><br>Plaintiff, <br><br>v. <br><br>SENTIENT FLIGHT GROUP, LLC, a New York limited liability company, <br><br>Defendants. | Case No.: <br><br>COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF <br><br>(DEMAND FOR JURY TRIAL) |

Comes now plaintiff United National Funding, LLC, a Nevada limited liability company, for claims against defendant Sentient Flight Group, LLC, a New York limited liability company, alleges follows:

### SUBJECT MATTER JURISDICTION

1. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. Section 1332(a). The amount in controversy exceeds $75,000.00, exclusive of

interest and costs.

## VENUE

2. Venue is proper in this Court and Judicial District pursuant to 28 U.S.C. Section 1391(a)(1) and (c) in that defendant Sentinet Flight Group, LLC is subject to personal jurisdiction in the state of Nevada and therefore "resides" in the state of Nevada for venue purposes and/or pursuant to 28 U.S.C. Section 1391(a)(2) in that a substantial part of the events and omissions giving rise to the claims occurred in said judicial district.

## PARTIES

3. Plaintiff United National Funding, LLC (hereinafter "UNF") is a limited liability company formed under and by virtue of the laws of the state of Nevada, with a principal place of business in Upper Saddle River, New Jersey, at time of filing and within the meaning of 28 U.S.C. Section 1332(a)(c).

4. Plaintiff is informed and believes and based thereon alleges that defendant Sentient Flight Group, LLC (hereinafter "Sentient") is a limited liability company formed under and by virtue of the laws of the state of New York and that its principal place of business is located in Farmingdale, New York at time of filing and within the meaning of 28 U.S.C. Section 1332(a)(c).

## FIRST CAUSE OF ACTION

(Breach of Contract)

5. In or about January, 2008, plaintiff UNF entered into an aircraft lease agreement with Campbell Aircraft Holdings, LLC, the subject of which was an aircraft identified as Lear Jet, Model 35, Manufacturer's Serial Number 397 (hereinafter the "Lear Jet"). As an express condition to the aircraft lease agreement, plaintiff was required to enter into an aircraft management agreement concerning said Lear Jet with defendant Sentient.

6. In or about January, 2008, plaintiff UNF and defendant Sentient entered into an "Aircraft Management Agreement", a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference, under the terms of which defendant Sentient undertook to manage, operate, and maintain said aircraft identified as Lear Jet, Model 35, Manufacturer's Serial Number 397

(hereinafter the "Lear Jet") for the use and benefit of plaintiff UNF out of a base of operations located in Henderson, Nevada.

7. Plaintiff has performed all conditions, covenants, and promises on its part to be performed under the terms of said "Aircraft Management Agreement", except for those conditions, covenants, and promises plaintiff was excused from performing as a result of defendant Sentient's breaches of said agreement. Among those conditions, covenants, and promises which plaintiff was and is excused from performing as a result of defendant Sentient's breaches of said agreement was and is any obligation to pay defendant any additional sums under said "Aircraft Management Agreement" including but not limited to an approximate $200,000 in claimed back charges for operation and maintenance of said Lear Jet.

8. Commencing in approximately March, 2008, defendant Sentient breached the terms and conditions of said "Aircraft Management Agreement" by, among other things, failing to operate, manage and maintain said Lear Jet for the benefit of plaintiff in an efficient and competent manner, by failing to competently operate and maintain said Lear Jet, by failing to continuously monitor the mechanical condition of said aircraft, by failing to perform or cause to be performed necessary maintenance on said aircraft, by failing to keep plaintiff apprised of scheduled maintenance and repairs, by failing to promptly and competently provide necessary repairs upon said Lear Jet, by damaging said Lear Jet while undertaking repairs and maintenance, by charging plaintiff for damage caused by defendant while undertaking repairs and maintenance, by failing to make said Lear Jet available for use by plaintiff upon reasonable and timely notification of intended use, by failing to timely make available pilots and co-pilots necessary for operation of said Lear Jet by plaintiff, by failing to provide competent pilots and staff for operation of said Lear Jet, by failing to operate said Lear Jet in a safe and efficient manner while in use by plaintiff, and by failing to maintain the security of said Lear Jet while on the ground while in use by plaintiff.

9. In or about April 2008, UNF terminated said "Aircraft Management Agreement".

10. As a direct result of said breaches of said "Aircraft Management Agreement", plaintiff UNF is relieved of any obligation to pay any defendants Sentient any additional monies under said

"Aircraft Management Agreement" including but not limited to the approximate $200,000 in back charges for operation and maintenance of said Lear Jet presently claimed by defendants Sentient.

11.     As a direct result of said breaches of said "Aircraft Management Agreement", plaintiff UNF has also been damaged an amount in excess of $75,000, the exact amount to be proven at the the time of trial; said damages include but are not limited to monies paid to plaintiff under said "Aircraft Management Agreement", the loss of a deposit in the amount of approximately $600,000 under the aircraft lease agreement with Campbell Aircraft Holdings, LLC and lost profits in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
(Declaratory Relief)

12.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11, inclusive as though set forth in full herein.

13.     An actual controversy has arisen and now exists between plaintiff UNF and defendant defendant Sentient in that plaintiff contends that as a direct result of said breaches of said "Aircraft Management Agreement" by defendant Sentient, plaintiff UNF is relieved of any obligation to pay any any additional monies to defendant Sentient under said "Aircraft Management Agreement" including but not limited to the approximate $200,000 in claimed back charges for operation and maintenance of said Lear Jet, and defendant claims that additional amounts, including the approximate $200,000 in claimed back charges for operation and maintenance of said Lear Jet, remain due, owing and unpaid.

14.     Plaintiff UNF desires a judicial determination of the existence and enforceability of any continuing obligation on its part to pay to defendant any additional amounts claimed or to be claimed by Sentient under said "Aircraft Management Agreement".

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendant Sentient Flight Group, LLC as follows:

15.     On its first cause of action, for damages subject to proof at trial in an amount in excess of $75,000, said damages to include but not be limited to any and all monies paid under said "Aircraft

Management Agreement", the loss of a deposit in the amount of approximately $600,000 under the aircraft lease agreement with Campbell Aircraft Holdings, LLC and lost profits;

16. On its second cause of action, for a declaratory judgment that, as a direct result of breaches of said "Aircraft Management Agreement" by defendant Sentient, plaintiff is relieved of any obligation to pay any additional monies to defendant Sentient under said "Aircraft Management Agreement" including but not limited to the approximate $200,000 in claimed back charges for operation and maintenance of said Lear Jet;

17. For pre-judgment interest at the legal rate in an amount to be proven at the time of trial;

18. For reasonable attorneys fees and actual costs incurred herein as the prevailing party in accordance with paragraph 14.03 of said "Aircraft Management Agreement;" and

19. For such other and further relief as the court deems just and proper.

LARSON & STEPHENS

Date: August 1, 2008

Kyle O. Stephens, Esq., NV Bar No. 7928
Larson & Stephens
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Attorney for Plaintiff United National Funding, LLC

and

James D. Crosby (CA State Bar No. 110383)
13400 Sabre Springs Parkway, Suite 200
San Diego, California  92128
Telephone: (858) 486-0085
Facsimile:  (858) 486-2838
crosby@crosbyattorney.com

1 | DEMAND FOR JURY TRIAL

2 | Plaintiff hereby demands a jury trial of all claims alleged in their Complaint as provided by
3 | Rule 38(a) of the Federal Rules of Civil Procedure.

5 | Date: August 1, 2008

_____
Kyle O. Stephens, Esq., NV Bar No. 7928
Larson & Stephens
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Attorney for Plaintiff United National Funding, LLC