# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED NAT'L FUNDING, LLC )
)
Plaintiff, )
) 2:08-cv-00993-JCM-VCF
v. )
) **O R D E R**
JETDIRECT AVIATION, INC. *et al.*, )
)
Defendants. )

Before the court is Plaintiff United National Funding, LLC's ("UNF") Motion for Clarification of the Court's March 9, 2012, Discovery Rulings and to Extend Discovery and Pre-Trial Schedule by sixty (60) Days. (#122). Defendant Campbell Aircraft Holdings, LLC filed an Opposition (#123), and Plaintiff did not file a Reply. The court held a hearing on June 22, 2012. (#134).

**Background**

On August 1, 2008, UNF filed a Complaint against Sentinent Flight Group, LLC. (#1). On April 14, 2009, Plaintiff filed Plaintiff's Third Amended Complaint against Defendants JetDirect Aviation, Inc.[1], Campbell Aircraft Holdings, LLC, Gregory Campbell, John Bax[2], and Stephen M. Hankin[3]. (#61).

Plaintiff asserts that on or about January 3, 2008, Plaintiff entered into an "Aircraft Lease Agreement" with Defendant Campbell Aircraft Holdings. *Id.* Under the Aircraft Lease Agreement, Plaintiff was required to execute and maintain an Aircraft Management Agreement ("AMA"). *Id.* In

---

[1] Formerly Sentinent Flight Group, LLC.

[2] Plaintiff asserts that John Bax was an officer of Defendant JetDirect at the time of the agreements.

[3] Plaintiff asserts that Stephen M. Hankie was an officer of Defendant JetDirect at the time of the agreements.

January 2008, Plaintiff entered into an AMA with Defendant JetDirect Aviation. (#61, #69, #70). In April 2008, Plaintiff terminated the AMA. (#61). In May 2006, Defendant Campbell Aircraft terminated the Aircraft Lease Agreement. *Id.*

Plaintiff asserts that Defendants breached the terms and conditions of the AMA. (#61). Plaintiff alleges that under the terms of the agreement, Defendants undertook "to manage, operate, and maintain [a jet aircraft] . . . for the use and benefit of plaintiff UNF," and failed to do so. *Id.* Plaintiff argues that as a result of the breach, it was released from any obligation to pay Defendants monies required by the agreement. *Id.* Plaintiff also asserts that Defendants fraudulently failed to disclose and/or concealed from Plaintiff important disclosures about the jet aircraft. *Id.* Plaintiff alleges damages in excess of $675,000, arising from breach of contract and fraud. *Id.*

On May 1, 2009, Defendant JetDirect Aviation filed a voluntary petition for liquidation under Chapter 7 in the U.S. District Court for the District of Delaware. (#108). JetDirect did not file a Notice in this action advising UNF and the Court of its bankruptcy filing. *Id.* The action has been stayed as to JetDirect since May 1, 2009, although neither the Court nor UNF were aware of the stay until January 2012. (#108 and #122). Despite the automatic stay, the litigation may proceed against Defendants Campbell Aircraft Holdings, LLC and Gregory S. Campbell.

On May 18, 2009, Defendants Campbell Aircraft Holdings and JetDirect filed Answers and Counterclaims to Plaintiff's Third Amended Complaint. (#69 and #70). Because Plaintiff was required to maintain the AMA under the Lease Agreement, and failed to do so, Campbell Aircraft asserts a counterclaim against Plaintiff for breach of contract. (#70). JetDirect states that Plaintiff failed to pay JetDirect for management, maintenance and operation services performed under the AMA. (#69). JetDirect asserts counterclaims against Plaintiff for breach of the AMA and for failure to make payments for services rendered. (#69).

In February, 2012, Plaintiff attempted to subpoena JetDirect and/or its Trustee. (#123). Plaintiff was informed that the Trustee does not have control over JetDirect witnesses. (#122). On February 29, 2012, Plaintiff filed a Motion to Extend Discovery and Pre-Trial Schedule by 120 days.

(#110). On March 9, 2012, the Court granted the Plaintiff's motion in part, for the limited purpose of permitting time for the Plaintiff to compel Defendant JetDirect Aviation, Inc., or its Chapter 7 Trustee to provide discovery. (#121). The Court also provided a deadline of June 7, 2012, for the completion of JetDirect discovery. *Id.*

**Motion for Clarification of the Court's March 9, 2012, Discovery Rulings**

On May 16, 2012, Plaintiff filed a motion requesting clarification of the Court's March 9, 2012, discovery rulings. (#122). Plaintiff seeks to clarify that Plaintiff is allowed to serve subpoenas on JetDirect witnesses directly since the JetDirect Trustee does not have control over the witnesses. *Id.* Defendants assert that Plaintiff seeks "an interpretation of the Court's . . . Order aimed at greatly expanding the scope of that prior Order." *Id.* As such, Defendants argue that Plaintiff's Motion should be denied. (#123).

Counsel for the Defendants objected to UNF serving individual subpoenas on the JetDirect witnesses. (#122). Defendants' counsel stated that an attempt to subpoena the JetDirect witnesses directly would violate the Court's discovery rulings. *Id.* Defendants assert that the Court reopened discovery for the limited purpose of allowing UNF three additional months to have JetDirect or its Trustee respond to the February subpoena. (#123).

Plaintiff asserts that the Court permitted UNF to subpoena JetDirect employees or former employees with knowledge of JetDirect's maintenance and operation of the aircraft, and with knowledge of communications and agreements between the parties. (#110-2 and #122). Plaintiff also asserts that this information is necessary because the relevant documents include records that relate to the aircraft that is the subject of the UNF lawsuit, as well as correspondence between the parties. (#110-2).

**Motion to Extend Discovery and Pre-Trial Schedule by 60 days**

On February 9, 2012, Plaintiff UNF served the JetDirect Trustee with a Subpoena. (#122-2). The JetDirect Trustee produced a "voluminous amount of documents" and authorized Plaintiff to obtain documents stored in warehouses in California and New Jersey. (#122).

The Plaintiff asserts that an extension of the June 7, 2012, discovery deadline is required due to

(1) Defendants' objections to Plaintiff's attempts to subpoena witnesses individually and (2) the fact that there are over 400 boxes of documents stored in the warehouses, with minimal and cryptic content descriptions, thus requiring inspection of most of the boxes. *Id.* The Plaintiff therefore asserts that it will be "impossible to complete the document inspection by the current June 7, 2012, discovery deadline." *Id.*

Because of Defendants' objection to Plaintiff's service of subpoenas on the JetDirect witnesses individually, and because the JetDirect Trustee does not have control over the JetDirect witnesses, Plaintiff asserts that Plaintiff has been unable to subpoena the JetDirect witnesses. *Id.* Plaintiff must wait for clarification of the Court's March 9, 2012, discovery rulings before Plaintiff proceeds with discovery. *Id.* Plaintiff also asserts that Plaintiff will need to subpoena the witnesses individually and depose them in the various jurisdictions in which they reside. *Id.* Plaintiff requests that the deadline be extended by sixty (60) days, to August 6, 2012. *Id.*

Defendants oppose Plaintiff's Motion to Extend Discovery and Pre-Trial Schedule by sixty (60) days. (#123). Defendants argue that Plaintiff failed to "explain its diligence during the three-month extension" previously granted by the Court, and that Plaintiff's request to depose ten unnamed individuals, residing in various jurisdictions, is insufficient to create good cause. *Id.* Defendants assert that the proposed witnesses were named in correspondence with JetDirect's Trustee, and that Defendant Gregory Campbell has confirmed to Plaintiff that none of the proposed witnesses are former JetDirect employees. *Id.* Defendants argue that Plaintiff's Motion should be denied because of Plaintiff's failure to show good cause and to illustrate its diligence. *Id.*

Plaintiff asserts that there is no foundation for Defendant Gregory Campbell's assertion that the proposed witnesses were not employed by JetDirect. (#124). Plaintiff further asserts that Plaintiff will not subpoena any individuals who were not employed by JetDirect. *Id.* Plaintiff argues that the requested extension is necessary to complete discovery. *Id.*

**Discussion**

Upon commencement of a bankruptcy action, "the automatic stay, applicable to all entities, bars

4

the commencement or continuance of judicial, administrative, or other actions or proceedings against the Debtor that was or could have been commenced before the commencement of the case . . . ." 11 U.S.C.A. § 362(a)(1). "Section 362(a)(1) applies only to actions against a debtor." *In re Miller*, 262 B.R. 499, 503 (9th Cir. 2001). The automatic stay does not protect a debtor from complying with discovery requests in a multi-defendant action where the debtor is a Defendant, but where the requests for discovery pertain to claims against other non-debtor Defendants. *Id.* at 504. *See In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969 (N.D. Ill. 1992).

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An application to extend discovery deadlines must "be supported by a showing of good cause for the extension." LR 26-4. All motions to extend discovery "shall be received by the court no later than twenty days before the discovery cut-off date . . . ." LR 26-4. Any motion to extend discovery shall include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why discovery was not completed; and (d) a proposed schedule for completing all remaining discovery. LR 26-4(a)-(d).

Pursuant to 11 U.S.C.A. § 362(a)(1), the automatic stay does not protect JetDirect from complying with discovery requests in a multi-defendant action where the debtor (JetDirect) is a Defendant, but where the requests for discovery pertain to the claims against the other non-debtor Defendants (Campbell Defendants). 11 U.S.C.A. § 362(a)(1). *See In re Miller*, 262 B.R. at 504.

During the March 9, 2012, Motion Hearing, the Court ruled that "discovery will be reopened to the limited extent of permitting time for United National Funding to compel JetDirect or its Chapter 7 trustee to provide discovery as described on page two of Ms. Bolatti's . . . letter." (#121). Plaintiff's Motion to Extend Discovery, filed on May 16, 2012, was received by the Court more than twenty days before the June 7, 2012 discovery cut-off date. (#122). Plaintiff's Motion shows good cause for the extension because of the need to subpoena the JetDirect witnesses individually and depose them in the various jurisdictions in which they reside. *Id.* Plaintiff's Motion includes a description of the discovery that remains to be completed, the reasons why discovery was not completed, and a proposed deadline

for completing the remaining discovery. *Id.* The Court extends the discovery deadline to August 6, 2012. *See* LR 26-4(a)-(d).

Plaintiff may serve subpoenas on JetDirect witnesses directly and is permitted to conduct a total of six (6) depositions, with a total testimony time of six (6) hours for each deponent. If more time is required, the parties can either reach an agreement or return to the Court. The Court encourages parties to be cost-efficient and conduct telephonic or video conference depositions where possible. Plaintiff must complete inspection of the documents stored at the California and New Jersey warehouses by the August 6, 2012, deadline. Dispositive motions are due on September 5, 2012, thirty (30) days from the completion of discovery. If no dispositive motions are filed, the joint pretrial order is due on October 5, 2012. If dispositive motions are filed, the joint pretrial order is due thirty (30) days after the court issues its rulings on the dispositive motions. **No** further extensions will be granted.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff UNF's Motion For Clarification of the Court's Discovery Rulings (#122) is GRANTED, as discussed above. Plaintiff is permitted to conduct a total of six (6) depositions, with a total testimony time of (six) 6 hours for each deponent.

IT IS FURTHER ORDERED that Plaintiff UNF's Motion to Extend Discovery and Pre-Trial Schedule by sixty (60) Days is GRANTED. No further extensions will be granted. The following discovery deadlines apply:

| | |
|---|---|
| August 6, 2012 | Deadline for Plaintiff to conduct a total of six (6) depositions; Plaintiff's time spent examining each deponent shall not exceed six (6) hours. Deadline for the complete inspection of documents stored in California and New Jersey Warehouses. |
| September 5, 2012 | Deadline for filing Dispositive Motions |

. . .

| | |
|---|---|
| October 5, 2012 | Deadline for filing the Joint Pretrial Order if no Dispositive Motions are filed. If dispositive motions are filed, the Joint Pretrial Order is due 30 days after the court issues its ruling on the dispositive motions. |

DATED this 27th day of June, 2012.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**